UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-332 (MJD/BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER OF REVOCATION |
| v. ) | AND DETENTION |
| ) | |
| TRAVIS MALIK GALTNEY, ) | |
| ) | |
| Defendant. ) | |

This matter came before the Court via video teleconference on January 14, 2022, for a bond revocation and detention hearing on a Petition alleging violations of pretrial conditions of release. (Docket Nos. 34, 40, 51) The defendant appeared in custody and was represented by his court-appointed counsel, James Behrenbrinker, Esq. The United States was represented by Assistant United States Attorney Benjamin Bejar. United States Probation Officer Krystal Taylor also appeared. All parties consented on the record at the hearing to proceed by video teleconference. The United States moved for detention at the defendant's initial appearance on January 12, 2022, where the defendant was advised of his constitutional rights and afforded opportunity to consult with appointed counsel. (Docket No. 46) *See* Fed. R. Crim. P. 5(d).

## FACTUAL FINDINGS

The Petition alleges that the defendant absconded from his court-ordered halfway house on February 20, 2020, and his whereabouts were unknown. (Docket No. 34) According to the accompanying violation report, the defendant apparently altered his bedding to make it appear that he was sleeping in it, and he absconded from the halfway

house after residing there for 38 days.  (Docket No. 40)  Additionally, before absconding, the defendant incurred two halfway house rule violations for his unauthorized use and possession of cellular phones, and he tested positive for marijuana on five drug screens. (Id.)  The Court issued a bench warrant for the defendant's arrest on February 21, 2020. (Docket No. 35)

The defendant's Court-ordered pretrial release conditions included that he not violate any federal, state, or local laws, that he submit to supervision of the United States Probation Office, that he reside at the halfway house and abide by its rules and regulations, that he report any contact with law enforcement, and that he appear in court as required for future proceedings.  (*See* Docket No. 14)

On March 3, 2020, the defendant failed to appear for an evidentiary motions hearing in this case.  (Docket No. 39)  The Court issued a second bench warrant for the defendant's arrest on the same day for his failure to appear at the hearing.  (Docket No. 38)

Nearly two years later, on January 9, 2022, the defendant was arrested by local police following a traffic stop of a vehicle in which he was a passenger, where the defendant allegedly identified himself to police with a fictitious name and date of birth, and he also allegedly provided false identifying documents, including a Social Security Card.  (Docket No. 50)  When police discovered the defendant's true identity, they arrested him on his outstanding federal bench warrants.  As a result of his arrest, the defendant was charged in Hennepin County District Court with one count of gross

misdemeanor false information to police.   *See* Hennepin County Dist. Ct. File No. 27-CR-22-557, Compl. filed on Jan. 10, 2022.

The United States Probation Office issued an amended violation report on January 14, 2022.   The report documented additional details of the defendant's arrest as referenced above, and noted that the defendant had had no contact with his supervising probation officer for 690 days since absconding from the halfway house in February 2020.   The report recommended that the defendant's bond be revoked and that he be ordered detained pending further proceedings in this case.

At the hearing on the petition, the defendant waived his rights to a bond revocation hearing and admitted to the pretrial release violations, namely, that he absconded from the halfway house, that he failed to appear for the evidentiary hearing, that he committed a new criminal offense, and that he did not have any contact with his probation officer. The defendant, however, argued for release from custody with the same conditions, and with an additional condition of electronic monitoring.   The United States argued for the defendant's detention.

The defendant's bond report indicates that the defendant has five prior felony convictions, including burglary, robbery, and firearms possession, for which he has served fairly significant state prison sentences.   Additionally, the bond report indicates that the defendant has a significant warrant and failure-to-appear history, he has previously violated his court-ordered release or supervision conditions on several occasions, and his release or supervision has twice been revoked, resulting in further periods of incarceration.

## LEGAL CONCLUSIONS

A person on pretrial release pursuant to 18 U.S.C. § 3142, who violates a condition of his release, is subject to revocation of release and detention. 18 U.S.C. § 3148(a). The Court "shall enter an order of revocation and detention if, after a hearing, the judicial officer . . . finds . . . probable cause to believe that the person has committed a Federal, State, or local crime while on release" or "clear and convincing evidence that the person has violated any other condition of release," and "there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community" or "the person is unlikely to abide by any condition or combination of conditions of release." *Id.* § 3148(b).

In determining whether such conditions exist, the Court considers the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. *See id.* § 3142(g). *See also United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) (recognizing "that either danger to the community or risk of flight is sufficient to authorize detention").

Based on the record before the Court, and considering the arguments of counsel and weighing the factors outlined in 18 U.S.C. § 3142(g), the Court concludes that revocation of the defendant's pretrial release and detention pending trial in this matter are warranted.

Based on the defendant's waiver and admissions, as well as the amended violation report and the arguments of counsel, the Court expressly finds that there is probable cause

4

to believe that the defendant committed a criminal offense while on supervised release. The Court further finds that the defendant violated the terms and conditions of his pretrial release consistent with the Petition and the amended violation report, and that these violations warrant revocation of the defendant's pretrial release and detention pending trial in this matter.

In particular, the Court notes that the defendant absconded from the court-ordered halfway house after 38 days of residency, and he was unaccounted for and not subject to supervision for nearly two years before his arrest on a new criminal offense. While these violations alone warrant revocation and detention, when combined with the additional violations, as well as the § 3142(g) factors, revocation and detention are warranted. The Court concludes that there is no condition or combination of conditions of release that will assure the defendant will not flee or will not pose a danger to the safety of any other person or the community, and that the defendant is unlikely to abide by any additional condition or combination of conditions of release that the Court could order. *See* 18 U.S.C. § 3148(b).

The Court therefore finds by clear and convincing evidence that the defendant has violated the terms and conditions of his release, and the defendant is unlikely to abide by any condition or combination of conditions of release. *See* 18 U.S.C. § 3148(b)(1)(B) & (b)(2)(B).

**IT IS HEREBY ORDERED:**

1. The defendant's pretrial release is hereby revoked;

2. The defendant is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendant shall be afforded reasonable opportunity to consult privately with counsel; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to the United States Marshal for the purpose of appearance in connection with further court proceedings.

Dated: January 19, 2022

s/ Tony N. Leung
TONY N. LEUNG
UNITED STATES MAGISTRATE JUDGE

*United States v. Travis Malik Galtney*
*19-332 (MJD/BRT)*