# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

          Plaintiff,

v.

Travis Malik Galtney,

          Defendant.

Crim. No. 19-332 (MJD/BRT)

**ORDER**

Chelsea A. Walcker, Esq., Benjamin Bejar, Esq., United States Attorney's Office, counsel for Plaintiff.

Jordan S. Kushner, Esq., CJA, counsel for Defendant.

This action came before the Court on May 24, 2022, for a hearing on various pretrial motions. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

**1.** **Government's Motion for Discovery.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by Defendant pursuant to Fed. R. Crim. P. 12.1, and the names and addresses of the witnesses upon whom Defendant intends to rely to establish such alibi. In addition, the Government seeks notice (by the first hearing on pretrial motions date) pursuant to Fed. R. Crim. P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or

any other mental condition of Defendant bearing on the issue of guilt. The Government also seeks notice (by the first hearing on pretrial motions date) pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Finally, the Government seeks pursuant to Fed. R. Crim. P. 26.2 for Defendant to produce all statements in their possession or control of any witness that Defendant calls in connection with the suppression hearing, detention hearing, trial, or sentencing. Defendant filed no objection to the motion. Therefore, Defendant is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery **(Doc. No. 19)** is **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

    2.    **Defendant's Motion to Compel the Government to Disclose Evidence Favorable to Defendant.** Defendant moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order compelling the United States to disclose impeaching information and exculpatory evidence to the Defendant. The Government states that it has already made disclosures to Defendant and that it will continue to fully comply with its obligations under *Brady* and *Giglio*. The Government objects to Defendant's motions to the extent that their requests go beyond the requirements of *Brady*, *Giglio*, and their progeny. Defendant's Motion to Compel the Government to Disclose Evidence Favorable to Defendant at **(Doc. No. 20)** is

2

**GRANTED** to the extent it seeks impeaching information and exculpatory evidence pursuant to *Brady*, *Giglio*, and their progeny. Defendant's motion is **DENIED** to the extent it seeks materials that have already been produced or material beyond the requirements of *Brady*, *Giglio*, and their progeny. Within **10 days** of the date of this Order, insofar as the Government has not already done so, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order. The Government must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

3. **Defendant's Pretrial Motion for Disclosure of 404(b) Evidence**. Defendant moves for the immediate disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404(b). The Government represents that it has already disclosed some relevant Rule 404(b) and that it will comply with Rule 404(b) but objects to Defendant's motion to the extent it seeks "intrinsic" evidence. The Government proposes disclosure 14 days prior to trial. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence **(Doc. No. 21)** is **GRANTED IN PART** and **DENIED IN PART.** The Government must disclose all Rule 404(b) evidence no later than **14 days** prior to trial. The disclosure obligation is limited to information encompassed by Rule 404(b), and the obligation does not include acts that are intrinsic to the charged offense.

4. **Defendant's Motion for Government Agents to Retain Rough Notes.** Defendant moves for an order requiring law enforcement agents to retain and preserve all rough notes taken as part of their investigation into this case. Defendant does not ask for

3

their disclosure. The Government does not oppose the motion with respect to retention of notes. Accordingly, Defendant's Motion for Government Agents to Retain Rough Notes **(Doc. No. 22)** is **GRANTED**. This Order is limited to ordering that rough notes must be preserved but not produced at this time, and that the Government not destroy relevant and actual evidence.

5. **Defendant's Motion for Discovery and Inspection.** Defendant requests, pursuant to Fed. R. Crim. P. 16, an order requiring the Government to permit defense counsel to inspect, copy, photograph, audio and/or video recordings or subject to scientific analysis various things. The Government states that it has made its Rule 16 disclosures and will continue to supplement its disclosures. It objects to the motion insofar as it seeks items that fall outside the ambit of Rule 16. Defendant's Motion for Discovery and Inspection **(Doc. No. 23)** is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12, 16, and 26.2 and is not already moot. The motion is **DENIED** to the extent that the Jencks Act protects disclosure, and identification of witnesses and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists. The Government requests the Court order that expert disclosures be made reciprocally no later than 14 days before trial. At the hearing, Defendant requested the Government disclose its experts 35 days before trial and Defendant disclose his experts 14 days before trial. As stated above, the parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

4

      **6.**     **Defendant's Motion for Pretrial Disclosure of Jencks Act Material.**

Defendant moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, requesting disclosure of Jencks Act material thirty days before trial. The Government opposes the motion asserting the request lacks authority. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Pretrial Disclosure of Jencks Act Material **(Doc. No. 24)** is **DENIED**. Nothing in this Order, however, precludes the Government from voluntary exchange of Jencks Act material with Defendant prior to trial as the Government has represented it would do.

      **7.**     **Defendant's Motion to Suppress**. Defendant seeks an order suppressing (1) any physical evidence obtained as a result of a search and seizure conducted following a May 28, 2019 traffic stop and (2) all post arrest statements made by Defendant to law enforcement. The Government opposes the motion. The parties request post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **July 8, 2022**, and the Government shall file its response by **July 22, 2022**. The Court will take Defendant's Motion to Suppress **(Doc. No. 25)** under advisement on **July 22, 2022**, and issue a **Report and Recommendation** to the District Court.

      **8.**     **Defendant's Motion to Dismiss Indictment for Speedy Trial Violation**. Defendant moves the Court pursuant to 18 U.S.C. § 3162(a)(2) to have his Indictment

dismissed with prejudice due to an alleged violation of his substantive Constitutional Right to a Speedy Trial as provided by the Sixth Amendment in addition to the Speedy Trial Act codified as 18 U.S.C. § 3161. The Government opposes the motion. Defendant shall file his reply to the Government's motion by June 3, 2022. Defendant's Motion to Dismiss Indictment for Speedy Trial Violation **(Doc. No. 56)** will be taken under advisement on **June 3, 2022**, and the Court will issue a Report and Recommendation to the District Court.

9. The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by District Judge Michael J. Davis.

Date:  May 26, 2022

                                      *s/ Becky R. Thorson*
                                      BECKY R. THORSON
                                      United States Magistrate Judge