UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,        **MEMORANDUM OPINION AND ORDER**
                                          Criminal No. 19-332 (MJD/BRT)

v.

Travis Malik Galtney,

                Defendant.

---

Benjamin Bejar, Chelsea A. Walcker, Assistant United States Attorneys, Attorneys for Plaintiff.

Jordan S. Kushner, Attorney for Defendant.

---

## I.    Introduction

This matter is before the Court on the Report and Recommendation by United Magistrate Judge Becky R. Thorson dated June 30, 2022 on Defendant's Motion to Dismiss for Speedy Trial Violation. (Doc. 89.) Defendant filed objections to the Report and Recommendation. (Doc. 98.) The Government did not object to the Report and Recommendation.

Pursuant to statute, the Court has conducted a <u>de novo</u> review of the record. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based upon that review, and

1

in consideration of the applicable law, the Court will adopt the Report and Recommendation.

## II. Factual Background

On December 18, 2019, a grand jury returned a one-count Indictment charging Defendant Galtney with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Doc. 1.)  Defendant had his Initial Appearance on January 13, 2020.  (Doc. 6.)  After his arraignment, the Court released Defendant on January 13, 2020, with conditions.  (Docs. 12–14.)  In January 2020, the parties filed several pretrial motions.  (Docs. 19–25.)

After his release, Defendant absconded from a halfway house and failed to appear for an evidentiary motion hearing on March 3, 2020.  (Docs. 33–40.)  Defendant was not found and arrested until nearly two years later, on January 9, 2022.  (Doc. 50 at 5–6.)  Defendant was returned to federal custody on January 11, 2022.  (Docs. 48–49.)  On January 20, 2022, the Court granted the Government's motion to revoke Defendant's pretrial release.  (Doc. 53.)

On March 25, 2022, Defendant filed a pro se motion for substitute counsel, which the Court granted on April 4, 2022.  (Doc. 59.)  Also on April 4, 2022, Defendant filed the instant Motion to Dismiss.  (Doc. 56.)

On April 19, 2022, the Court scheduled a motion hearing for May 11, 2022 and issued a pre-hearing order directing the parties to meet-and-confer regarding Defendant's various outstanding pretrial motions. (Doc. 61.) At the request of the Government, the motion hearing was delayed by two weeks to May 24, 2022. (Doc. 65.)

### III. Discussion

Defendant argues that his right to a speedy trial under the Sixth Amendment and 18 U.S.C. § 3161 have been violated. Under 18 U.S.C. § 3161(c)(1),

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

Periods of delay resulting from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" shall be excluded in computing the time within which the trial of any such offense must commence. 18 U.S.C. § 3161(h)(1)(D). Additionally, periods of delay resulting from "the absence or unavailability of the defendant"

3

shall be excluded in computing the time within which the trial of any such offense must commence. 18 U.S.C. § 3161(h)(3)(A). A defendant is considered absent "when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence." 18 U.S.C. § 3161(h)(3)(B).

In his Objection to the Report and Recommendation, Defendant acknowledges that his speedy trial deadlines were tolled while he was a fugitive. (Doc. 98 at 4.) Defendant instead argues his rights were violated because more than 70 days elapsed between his second Initial Appearance on January 12, 2022 and the continued motion hearing on May 24, 2022. (Id. at 2.)

Defendant argues that the period between January 12, 2022 and May 24, 2022 cannot be justifiably accounted for based on the "prompt disposition" language found in 18 U.S.C. § 3161(h)(1)(D) (excluding any period of delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, **or other prompt disposition of**, such motion"). Defendant argues this "prompt disposition" language creates an overarching requirement that courts dispose of pretrial motions "promptly," which

4

supersedes the other language in this subdivision excluding all time between the filing of a motion and the hearing on that motion. (Doc. 98 at 3.)

In making this argument, Defendant attempts to distinguish the Supreme Court's decision in Henderson v. United States by relying on United States v. Noble, 509 F. Supp. 3d 399 (W.D. Pa. 2020). As the Magistrate Judge noted, the Supreme Court held in Henderson that § 3161(h)(1)(F) excludes the entire period "between the filing of and the hearing on a motion, whether that hearing was prompt or not." 476 U.S. at 326. In Noble, however, the court found that a speedy trial violation had occurred where the district court failed to schedule a hearing or take any other action on pending motions for two lengthy periods of time without any justification. 509 F. Supp. 3d at 409–10. Defendant argues his case is analogous to Noble "because there was no active litigation of motions or involvement by the Court from January 12, 2022 until April 19, 2022." (Doc. 98 at 4.)

Defendant also relies on the four factor test for evaluating periods of pretrial delay under the Sixth Amendment from United States v. Shepard, 462 F.3d 847 (8th Cir. 2006). Under Shepard, the Court considers "such factors as: '[1] [l]ength of delay, [2] the reason for the delay, [3] the defendant's assertion of his

5

[speedy trial] right, and [4] prejudice to the defendant.'"  Id. at 864 (quoting Barker v. Wingo, 407 U.S. 514, 530 (1972).)

As the Magistrate Judge determined, however, no violation of Defendant's right to a speedy trial has occurred based on either his statutory or constitutional rights.

First, no statutory violation has occurred because several pretrial motions were pending during the January 12, 2022 to May 24, 2022 period that Defendant claims should be counted against the speedy trial deadline found in § 3161(c)(1).  (See Doc. 89 at 3.)  Under the plain language of § 3161(h)(1)(D) and the Supreme Court's holding in Henderson, the Magistrate Judge correctly determined that this period of time was tolled because of these pending pretrial motions.

This case is distinguishable from Noble where there was no likelihood of a hearing on Defendant's outstanding pretrial motions.  509 F. Supp. 3d at 410–11.  Here, the hearing on these motions was delayed because Defendant was a fugitive for two years and then filed additional pretrial motions once he was arrested and returned to federal custody.  (Docs. 54, 56.)  Accordingly, Defendant cannot rely on Noble or the "prompt disposition" language found in § 3161(h)(1)(D).

Second, no Sixth Amendment violation has occurred under the Shepard test for the reasons stated in the Report and Recommendation. (Doc. 89 at 4–5.) The Shepard factors weigh against finding a speedy trial violation, including because Defendant delayed these proceedings by absconding from custody, waited years following his Indictment to invoke his speedy trial rights, and showed no prejudice from any alleged delay.

Accordingly, the Magistrate Judge correctly determined that, as of the date of the Report and Recommendation, only three days had elapsed against the speedy trial deadline found in 18 U.S.C. § 3161(c)(1).

## ORDER

The Court finds no error in the Magistrate Judge's application of the law to the facts as it relates to Defendant's Motion to Dismiss. Accordingly, based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Report and Recommendation dated June 30, 2022 (Doc. 89) is **ADOPTED**; and

2. Defendant's Motion to Dismiss (Doc. 56) is **DENIED**.

Dated:  August 25, 2022              s/Michael J. Davis
                                     Michael J. Davis
                                     United States District Court