# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                       **MEMORANDUM OF LAW AND ORDER**
                                       Criminal File No. 19-00332 (MJD)

TRAVIS MALIK GALTNEY,

        Defendant.

Benjamin Bejar, Assistant United States Attorneys, Counsel for Plaintiff.

Jordan Kushner, Attorney at Law, Counsel for Defendant.

## I.      INTRODUCTION

Before the Court is Defendant's Pro Se Letter to the Court "inquiring as to the unconstitutionality of [his] conviction." (Doc. 169.) On February 16, 2023, Defendant pleaded guilty to two counts of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docs. 136, 137.) The plea agreement includes a waiver of appeal rights stating, in pertinent part,

> The defendant also understands his rights to file and seek a postconviction civil petition contesting his conviction or sentence and, except for a claim of ineffective assistance of counsel, the defendant knowingly and voluntarily waives all rights to contest the defendant's conviction or sentence in any postconviction proceeding, including one pursuant to Title 28, United States Code,

1

Section 2255.  The defendant has discussed these rights with the
defendant's counsel and understands the rights being waived.

(Doc. 137 at 8.)  On July 26, 2023, Defendant was sentenced to 100 months on

each of the two counts, the sentences to run concurrently.  (Doc. 164.)

At sentencing, the Court told Defendant that, subject to the waiver in his

plea agreement, he had the right to appeal his sentence to the Eighth Circuit

Court of Appeals.  The Court also told Defendant that he had a right to appeal if

the United States Supreme Court changed the law that affected the statutes

under which Defendant pleaded guilty.  The Court stated that it seemed like

possession of firearms will be on the docket for the Supreme Court for the near

future and he wanted both Defendant and his counsel to know Defendant has

the right to raise the issue with the Eighth Circuit if appropriate.

Defendant did not appeal to the Eighth Circuit.  On December 19, 2023, he

filed the pro se letter to the Court inquiring about the constitutionality of his

conviction because he understood that judges in the Seventh and Third Circuits

had declared U.S.C. § 922(g)(1) unconstitutional.  (Doc. 169.)  He wants to know

how, "when the Senior District Judge . . . from the Northern District of Illinois . . .

has determined that § 922(g)(1) is unconstitutional," his situation is different

when it is "the same statute and the same circumstances"?  (Id.)  Defendant

2

requests that the Court "[p]lease inform him where he stands with this dilemma and if so the same, dismiss this on the same grounds as other Judges have because of the unconstitutionality of §922(g)(1)."  (Id. (cleaned up).)

## II.     DISCUSSION

### A.     The Letter Will Not Be Construed as a § 2255 Motion

The Government argues that Defendant's letter should be construed as a § 2255 motion to vacate his sentence because regardless of how it is fashioned, it is the substance that controls and therefore, the letter should be construed as a motion to vacate.  (Doc. 175 at 5 (cleaned up) (quotation omitted).)

The "substance" of Defendant's letter is not a request for relief.  The letter asks the Court to inform him where he stands; to dismiss his claim if the same law applies here as in the Northern District of Illinois; and does not even include a prayer for relief, but instead thanks the Court for advice.  While Defendant is undoubtedly hopeful, he is not advocating for a certain outcome in the letter. The Court will therefore not construe Defendant's letter as a § 2255 motion.

### B.     Defendant Waived his Right to File a § 2255 Motion

Notwithstanding the above, the Government is correct that the plea agreement contains a valid waiver to Defendant filing a postconviction § 2255 motion.  Except for a claim of ineffective assistance of counsel, Defendant

"knowingly and voluntarily waive[d] all rights to contest [his] conviction or sentence in any postconviction proceeding, including one pursuant to . . . Section 2255." (Doc. 137 at 8.)

Thus, even if the Court did construe the letter as a § 2255 motion, Defendant would not be entitled to this relief because the waiver is valid. See United States v. Meyer, Crim. No. 09-299(9), 2011 WL692818, at *2 (D. Minn. Feb. 17, 2011) (finding almost identical waiver enforceable). In addition, because Defendant did not raise this issue in an appeal, he has also procedurally defaulted his claim. Id. The Parties do not appear to dispute these findings.

### C. Third Circuit and Northern District of Illinois Cases are not Binding on this Court

In his letter, Defendant states that Judge Gettleman in the Northern District of Illinois and "judges in the Seventh Circuit and many across the [country] including the Third Circuit" find § 922(g)(1) unconstitutional. (Doc. 169.) Defendant is correct that Judge Gettleman has issued several orders finding § 922(g)(1) unconstitutional. (Doc. 174 at 4 (Mr. Kushner gathering cases).) He is also correct that the Third Circuit has found the statute unconstitutional. Range v. Att'y Gen. United States of Am., 69 F.4th 96, 106 (3d Cir. 2023) (en banc). The Seventh Circuit has not yet ruled on the issue.

4

This Court sits in the Eighth Circuit and is bound by the United States Supreme Court and the Eighth Circuit Court of Appeals. The Eighth Circuit has found § 922(g)(1) constitutional. See United States v. Jackson, 69 F.4th 495, 506 (8th Cir. 2023) (as-applied challenge); United States v. Cunningham, 70 F.4th 502, 506 (8th Cir. 2023) (facial challenge); United States v. Dunn, 76 F.4th 1062, 1068 (8th Cir. 2023) (overly-broad challenge).

This Court must follow Jackson and its progeny unless and until they are vacated or reversed by the Eighth Circuit or by the United States Supreme Court. Therefore, Defendant's sentence remains constitutional.

### D.    The Court will Reserve its Decision on Appointment of Counsel

Mr. Kushner advocates for the Court to appoint Counsel to Defendant so Defendant can explore the possibility of filing an ineffective assistance of counsel claim against Mr. Kushner for failing to file a motion to dismiss based on Range, and New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111 (2022) during his representation of Defendant.

Based on the information currently before the Court, an ineffective assistance of counsel claim against Mr. Kushner would fail because citation to Bruen and Range would not have persuaded the Court to sentence Defendant differently. In addition, Mr. Kushner was a zealous advocate for Defendant.

After he was appointed, Mr. Kushner filed several pretrial and sentencing

motions, requests for variances, and objections to reports and recommendations

and to the PSR.

If § 922(g)(1) is declared unconstitutional by the Eighth Circuit or the

Supreme Court, Defendant may again ask the Court to appoint counsel.

### E.   No Certificate of Appealability Will Issue

The Government states that the Court should not issue a certificate of

appealability because the issue raised by the defendant is not reasonably

debatable among jurists or deserving of further proceedings given the Eighth

Circuit's binding decision in <u>Jackson</u>.  (Doc. 175 at 9.)

The Court will not issue a certificate of appealability because it did not

decide a § 2255 motion, <u>see</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 481, 484 (2000), or

foreclose Defendant's future rights.

### III.   ORDER

Based upon the files, records, and proceedings herein**, IT IS HEREBY**

**ORDERED**:

1.  Defendant's letter [Doc. 169] will not be construed as a § 2255 motion;

2.  Defendant has waived the right to file a § 2255 motion and defaulted from
    filing any claims in an appeal to the Eighth Circuit;

3.  The Court will reserve decision on appointment of counsel until such time as Section 922(g)(1) is declared unconstitutional by either the United States Supreme Court or the Eighth Circuit Court of Appeals, if ever; and

4.  No Certificate of Appealability shall issue.

Dated:  January 31, 2024            s/Michael J. Davis
                                    Michael J. Davis
                                    United States District Court